UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                              Plaintiff

v.                                                      Criminal Action No. 4:23-cr-12

RAMON ALVAREZ                                                         Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant Ramon Alvarez ("Alvarez") moves the Court pro se to "hault [sic] my payments until my release." [DE 38]. The United States responded. [DE 39]. For the reasons set forth below, Alvarez's motion [DE 38] is **DENIED**.

Alvarez pleaded guilty in 2023 to four counts of bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a). [DE 1, DE 19]. That same year, the Court sentenced Alvarez to 96 months imprisonment, three years of supervised release, and ordered him to pay restitution in the amount of $31,790.95. [DE 29, DE 31, DE 35].[1] Alvarez's restitution was also ordered to be joint and several with co-defendants Jessica Howard and Sean Curtis in Case No. 4:20-CR-00009. [*Id.*] The judgment contains the following language:

> Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.

[DE 35 at 149]. In his motion, Alvarez states:

---

[1] The Judgment was amended twice, the later time to correct the case number for the co-defendants, which was listed incorrectly. [DE 33].

1

> Im writing you in concern about my payments to the Court due to the BOP situation now Im unemployed and what money Im getting I have to buy the bare neccesitites for me to survive day to day life I have no money coming in and I have no job Im asking the Court to hault my payments until my release Im in the RDAP program now and my release is coming up I do no want to be in FRP refusal because it hinders my day to day life if I could get a letter stating that my payments will hault until Im release to give to my case manager if Im granted this motion please and hank you for your time and patients

[DE 38 at 155]. Thus, Alvarez argues that he is no longer working while in prison, can no longer afford payments, and asks the Court to halt his restitution payments until he is released from custody. [*Id.*]

"A district court's power to revisit a sentence once imposed is extremely limited." *United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012). Pursuant to 18 U.S.C. § 3664(k), a court may adjust the payment schedule if there is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." But the Court's judgment already considered Alvarez's incarcerated status, potential earnings, and community resources in the judgment, which stated that, "[a]ny balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25, based on earnings from an institution job and/or community resources." [DE 35 at 149]. Thus, the argument that Alvarez is no longer working is not a material change in circumstances since his sentence was imposed as his work status is already considered in his sentencing.

Further, 18 U.S.C. § 3664(o) provides that an order of restitution may be corrected, modified, amended, or adjusted as follows:

> [o] sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> > (1) such a sentence can subsequently be—
> >
> > > (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
> > > (B) appealed and modified under section 3742;
> > > (C) amended under subsection (d)(5); or
> > > (D) adjusted under section 3664(k), 3572, or 3613A; or

18 U.S.C. § 3664(o). Thus, an order of restitution may be corrected, modified, amended, or adjusted if the conditions of one of the subsections of 18 U.S.C. § 3664(o)(1) are met. But Alvarez cites no statutory or legal authority in support of his motion. There is no argument that Alvarez's sentence should be corrected. Alvarez neither demonstrates, nor can the Court find, his order of restitution should be modified, amended, or adjusted under any of the provisions listed in Section 3664(o)(B)–(D). In short, none of the above provisions of Section 3664(o) appear to apply to allow the Court to change Alvarez's order of restitution.

Finally, as the United States points out, Alvarez may be attempting to limit his payment schedule if he is participating in the Federal Bureau of Prisons ("BOP") Inmate Financial Responsibility Program ("IFRP"). [DE 38 at 158]. The Sixth Circuit has stated that federal district courts lack subject matter jurisdiction to manage defendants' restitution payments under the IFRP. *See United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004) (holding that "[t]he obstacle Callan must overcome on appeal, however, is the complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons."). Instead, any challenge to a payment schedule under the IFRP would have to be brought as a habeas corpus petition under 28 U.S.C. 2241 in the district where Alvarez is incarcerated, after

exhausting his administrative remedies with the BOP. *See United States v. Hawk,* No. 2:20-CR-114, 2022 WL 17086386, at *2 (E.D. Tenn. Oct. 25, 2022), report and recommendation adopted, No. 220CR00114DCLCCRW, 2022 WL 17084609 (E.D. Tenn. Nov. 18, 2022) (detailing various courts treating challenges to IFRPs as habeas claims); *see also United States v. Burrell,* No. 21-CR-20393-1, 2025 WL 1161452, at *3 (E.D. Mich. Apr. 21, 2025).

Also, even if Alvarez could challenge his IRFP payment schedule in this case, the IFRP program ensures that inmates receive at least $75 per month in their trust account before any other payments are made. *See* 28 C.F.R. § 545.11(b) (requiring that the inmate's "unit team shall then exclude from its assessment $75.00 a month deposited into the inmate's trust fund account"). Further, under the IFRP, progress is "reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). Thus, the IFRP is designed to prevent financial hardship.

Accordingly, the Court having considered the motion, and being otherwise sufficiently advised, **IT IS ORDERED** that Defendant Alvarez's motion to "hault [sic] my payments until my release," [DE 38], is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

August 19, 2025

Copies to:   Defendant, pro se
             Counsel of Record
             US Probation